# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AUDREY R. PALMER, | Case No. 2:16-cv-02312-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security Administration, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Audrey Palmer's ("Plaintiff") application for supplemental security income. The Court has reviewed Plaintiff's motion to remand (ECF No. 17), filed February 27, 2017, the Commissioner's cross-motion to affirm (ECF No. 20), filed March 30, 2017, and Plaintiff's Reply (ECF No. 21), filed April 10, 2017.

## A. BACKGROUND

**1.     Procedural History**

On January 15, 2013, Plaintiff applied for supplemental security income alleging an onset date of December 5, 2012. AR 160-167.[2] Plaintiff's claim was denied initially on October 29, 2013, AR 101-105, and on reconsideration on March 17, 2014. AR 113-117. A hearing was held before an Administrative Law Judge ("ALJ") on February 17, 2015. AR 42-66. On April 24,

---

[1] Nancy A Berryhill is now the Acting Commissioner of Social Security, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. *See* Section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

2015, the ALJ issued an unfavorable decision, indicating that Plaintiff was not disabled. AR 23-36. On August 16, 2016, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-7. Plaintiff, on October 3, 2016, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF No. 1.

**2.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 23-25. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the application date of December 5, 2012. AR 25. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments: hepatitis C; obesity with chronic low back pain; history of gout; history of asthma. Also, the claimant has the following severe mental impairments: major depressive disorder; and anxiety disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* At step four, the ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: inability to perform more than occasional postural movements; avoid concentrated exposure to pulmonary irritants and hazards in the work environment; and has a moderate limitation for understanding, remembering, and carrying out detailed instructions, but can perform simple repetitive tasks that involve no more than occasional routine interactions with the public or coworkers. AR 27. The ALJ also noted that Plaintiff is not capable of performing past relevant work. AR 34. The ALJ noted that the claimant was born on March 11, 1963 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. AR 35. The claimant subsequently changed age category to closely approaching advanced age. *Id.* She noted that claimant has at least a high school education and is able to communicate in English. *Id.* The ALJ noted that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework support a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. *Id.* At step five, the ALJ determined that considering claimant's age, education, work experience, and residual functional capacity, there

are jobs that exist in significant numbers in the national economy that the claimant can perform. AR 35. Accordingly, the ALJ concluded that Plaintiff was not under a disability since December 5, 2012, the date of the application. AR 36.

## B. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.     Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to

determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; see also SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

///

**3. Analysis**

Plaintiff moves to remand this matter because the ALJ's RFC determination lacks support of substantial evidence, and the ALJ's credibility finding lacks support by substantial evidence. The Commissioner opposes the motion, arguing the ALJ correctly assessed Plaintiff's RFC and credibility.

*a. The ALJ's RFC Determination*

1. Mental RFC

Plaintiff first challenges the ALJ's assessment of Plaintiff's mental RFC, arguing that the ALJ failed to discuss the weight to be afforded to the consultative examination on August 28, 2012. Based upon this examination, Drs. Spears-Howell and Connolly diagnosed Plaintiff with several mental problems, but specifically, a GAF (Global Assessment of Functioning) of 30, indicative of serious impairment in judgment and mood, and that Plaintiff could not manage her potential benefits in her own interest. Plaintiff argues that these two findings were not discussed in the ALJ's decision, and that she was required to provide specific and legitimate reasons for rejecting those limitations.

The Commissioner responds that the ALJ need not discuss every piece of evidence. Moreover, the ALJ need not give weight to an opinion expressed prior to Plaintiff's application for disability. Drs. Spears-Howell and Connolly's diagnosis occurred in August, 2012, prior to Plaintiff's claimed disability onset date of December 5, 2012. Additionally, the Commissioner responds that the ALJ discussed the opinion in the decision, and summarized the relevant objective findings in reaching the RFC.

Here, the ALJ extensively reviewed and summarized the relevant opinions and findings of counselor and psychologist consultative examiners Drs. Spears-Howell and Connolly. AR 28-29, AR 296-301. The ALJ need not, in interpreting the evidence and developing the record, discuss every piece of evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1010 (9th Cir. 2003) (internal quotation marks omitted). The ALJ also reviewed and summarized other psychological evidence of Plaintiff's mental illness. AR 29-33. The ALJ gave "substantial weight" to consultative examiner Dr. Goldstein, who concluded that Plaintiff was not as limited as she

claimed. AR 33. The ALJ may give weight to the examining doctor, whose opinion alone constitutes substantial evidence based upon his own independent examination of Plaintiff. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Goldstein found that Plaintiff could interact appropriately with the public, coworkers and supervisors, and could perform one-to-two step instructions and manage her own funds. She demonstrated good hygiene and normal motor skills. The ALJ found that Dr. Goldstein's opinion was generally consistent with the other record evidence and was thus worthy of substantial weight. The mental residual functional capacity assessment of the State agency medical consultants, Drs. Leaf and Kaspar, found that claimant is capable of performing simple, routine tasks with limited social interaction. AR 34. The ALJ accorded substantial weight to these opinions because the medical consultants' opinions are consistent with the records as a whole. *Id.* The Court therefore concludes that in reaching the mental aspects of the RFC, the ALJ did not err in considering the consultative opinions of Drs. Spears-Howell and Connolly but giving more weight to those of the other consultative doctors in deciding that Plaintiff "has a moderate limitation for understanding, remembering, and carrying out detailed instructions, but can perform simple repetitive tasks that involve no more than occasional routine interactions with the public or coworkers."

2. Physical RFC

Plaintiff next challenges the ALJ's determination that there was no durational foundation to support standing and walking limitation. AR 34. Plaintiff argues that it is not unreasonable for an obese person to have a standing and walking limitation, and that Dr. Kamal's opinion that Plaintiff was limited to standing and walking 4 hours in an 8 hour day was supported by his examination which revealed slow gait and station due to left leg insecurity and ambulation with a single point cane. Additionally, Plaintiff argues Dr. Kamal's examination revealed decreased motor strength on the left side, tenderness to palpation, and decreased range of motion in the lumbar spine. Thus, Dr. Kamal's opinion was supported and the rejection of his opinion regarding Plaintiff's walking ability is error.

The Commissioner responds that the existence of obesity is not per se disabling, there must be proof of the severity of the impairment, and speculation of what limitations could result

from obesity does not satisfy Plaintiff's burden to establish the limitations of the impairment. Moreover, the Commissioner argues the ALJ properly assessed the record as a whole, and came to a proper conclusion.

It is the responsibility of the ALJ, not a physician, to determine residual functional capacity. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Here, the ALJ explained that she gave little weight to Dr. Kamal's opinion because he did not review other medical reports which the ALJ had the opportunity to review, and the opinion is not consistent with the record in its entirety, e.g., generally unremarkable physical examinations and negative x-ray findings. The ALJ said that Dr. Kamal's opinion mostly relies upon the subjective complaints of the claimant, and that there were no subsequent treatment notes to support the gait difficulties or pain alleged. The ALJ found that Dr. Kamal's opinion was based upon limited examination, an incomplete medical records review, and no evidence of longitudinal treatment history through the hearing level and therefore was given only limited weight. The ALJ indicated that Dr. Kamal provided no record foundation for the stand or walk limitations that are consistent with the overall record of objective medical evidence or credible subjective complaints. Accordingly, the ALJ found no durational foundation for Dr. Kamal's stated stand or walk restriction. AR 34.

The ALJ gave substantial weight to the assessment of State agency medical consultant Dr. Wheeler, who found that claimant can occasionally lift and or carry 20 pounds, frequently lift or carry 10 pounds, stand and or walk for 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, and occasionally climb, balance, stoop, kneel, crouch and crawl. State agency medical consultants and other program physicians are "highly qualified" physicians who are also experts in Social Security disability evaluation. *See* 20 C.F.R. 416.927(e)(2)(I). The ALJ considered the claimant's obesity to be a severe impairment in arriving at the RFC. AR 33. The ALJ found that Dr. Wheeler's opinion was consistent with the record as a whole.[4] AR 34. Accordingly, the ALJ did not err in finding that the RFC is supported by the medical evidence of record, the limited and

---

[4] The ALJ noted that one State agency medical consultant, Dr. Tella, found that the claimant had non-severe physical impairments, but the ALJ gave more weight to the combination of Plaintiff's physical impairments as described in the RFC.

9

conservative treatment, the limited objective findings of musculoskeletal impact due to her combination of physical impairments, and the claimant's ability to perform extensive activities of daily living. *Id.*

### 3. Plaintiff's Credibility

Regarding credibility, the ALJ found that Plaintiff's allegations were less than fully credible, and then explained that conclusion. AR 33. Plaintiff argues that the ALJ failed to articulate legally sufficient reasons to discount Plaintiff's subjective complaints. Specifically, she argues that the ALJ failed to cite any evidence that more aggressive treatment was appropriate or available, and that Plaintiff should not be discredited for failing to pursue other treatment options where none exists. Second, Plaintiff argues that the ALJ improperly discounted Plaintiff's subjective complaints because of gaps in treatment, and sought no explanation for those gaps in treatment, thereby failing to fully and fairly develop the record. Third, Plaintiff argues that the ALJ improperly discounted Plaintiff's symptom testimony due to the extent of her daily activities, failing to adequately explain how Plaintiff's activities translate into the ability to perform full-time work on a sustained basis. Finally, Plaintiff argues that the ALJ erred in finding that there was a lack of objective findings to support Plaintiff's subjective complaints, and clearly failed to grasp the concept of "excess pain." The Commissioner responds that the ALJ properly assessed Plaintiff's credibility and gave numerous good reasons why Plaintiff was not credible.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990)).

The ALJ must state why the testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec.*

10

*Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (quoting *Morgan*, 169 F.3d at 599). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence can support either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.* at 882.

In making a credibility determination regarding pain, the ALJ may consider: "the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

The ALJ commented that Plaintiff's doctor noted her "poor effort," negatively impacted her credibility. AR 33. Dr. Prince suspected that Plaintiff's physical examination was impacted by Plaintiff's "poor effort." *Id.* Poor effort may indicate malingering, or that symptoms are not

as severe as claimed. *See Tonapetyan*, 242 F.3d at 1149. But Dr. Prince's observation appears to be an isolated incident—Drs. Spear-Howell and Connolly found Plaintiff to be cooperative, motivated and engaged, and Dr. Kamal found her to be cooperative throughout the exam. The Court is not persuaded that there is affirmative evidence that Plaintiff was malingering. Accordingly, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine*, 574 F.3d at 693.

Here, after a thorough review of the record, the ALJ discussed how she established by clear and convincing evidence that all of Plaintiff's complaints were not credible. First, the ALJ determined that the objective medical evidence was inconsistent with Plaintiff's subjective complaints. AR 25-34. For example, as discussed, regarding Plaintiff's claims regarding walking limitations, she gave little weight to Dr. Kamal's opinion because of a lack of objective medical evidence, and instead relied on Dr. Wheeler's opinion. Plaintiff denied musculoskeletal symptoms in December 2012. AR 33. Dr. Shelin found Plaintiff moved all of her extremities without difficulty. *Id.* Dr. Suhany observed she had a stable gait. AR 30. The objective medical evidence was inconsistent with, and therefore did not support Plaintiff's claims.

Regarding Plaintiff's mental impairments, the ALJ noted that Dr. Shelin found Plaintiff was alert and oriented to person, place, time, and situation with normal speech. AR 33. Plaintiff experienced no episodes of decompensation. AR 26. Upon examination, Plaintiff's thoughts were goal-oriented, she had good insight and judgment. AR 30-31. Plaintiff repeatedly denied hallucinations or delusions. AR 30. When she was taking her medication, Plaintiff had no suicidal ideations. AR 30. The ALJ indicated that Plaintiff's impairments were treated effectively. AR 25. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purposes of determining eligibility for [disability] benefits."). For example, the ALJ noted that Plaintiff reported medications are effective and stated things were working out and she felt better. AR 30.

The ALJ also indicated that Plaintiff's effective treatment was merely routine and conservative with medication and "relatively infrequent trips to the doctor for the allegedly

| | |
|---|---|
| 1 | disabling symptoms." AR 25, 28, 30-34. Minimal and routine treatment is sufficient to discount |
| 2 | a claimant's testimony regarding the severity of impairments. *Parra*, 481 F.3d at 750-51. For |
| 3 | example, the ALJ noted that Plaintiff reported in January 2013 that she had not taken any |
| 4 | medications since October, 2012, which she had received prior to moving to Las Vegas. AR 29. |
| 5 | In August 2014, Plaintiff had not taken any medication "for the past month" because she had run |
| 6 | out and the record does not reflect that she requested refills until one month later. AR 32. The |
| 7 | ALJ noted that Plaintiff repeatedly declined counseling services. AR 30-31. Further, the ALJ |
| 8 | noted that Plaintiff's visits to medical practitioners were relatively infrequent, despite her |
| 9 | complaints. AR 25, 28, 30-34. Contrary to Plaintiff's claims that no more aggressive treatment |
| 10 | options were available to her, more frequent trips to the doctor, continuous medical treatment, and |
| 11 | counseling were all available. Were Plaintiff's impairments as debilitating as she claimed, she |
| 12 | would likely have sought out more treatment. Impairments which are amenable to control are not |
| 13 | disabling for the purposes of obtaining disability benefits. 20 C.F.R. § 416.927(c)(3)(iv)-(v). |
| 14 | The ALJ also noted that Plaintiff's daily activities undermined her claims of disability |
| 15 | AR 26, 28, 33, and this is a valid reason to find her not credible. *See* 20 C.F.R. § 416.929(a) ("In |
| 16 | determining whether [a claimant] is disabled, we consider . . . activities of daily living"). Here, |
| 17 | the ALJ explained that, on a typical day, Plaintiff performed household chores, such as laundering |
| 18 | clothing; prepared meals; and took care of her own personal care, spoke with her friends or |
| 19 | visited them and played cards. AR 26. *See Burch*, 400 F.3d at 680 ("the ALJ explained that [the |
| 20 | claimant's] daily activities suggest that she is quite functional"). She interacts with her friend and |
| 21 | attends church "every Sunday and Bible study on Wednesday," attends doctors' appointments, |
| 22 | and shopped in stores. AR 26, 28. Plaintiff could pay bills, count change, handle a savings |
| 23 | account, and use a checkbook. AR 26. The ALJ indicated that some of the physical and mental |
| 24 | abilities and social interactions required in order to perform these activities are the same as those |
| 25 | necessary for obtaining and maintaining employment, and that Plaintiff's ability to participate in |
| 26 | such activities diminishes the credibility of Plaintiff's allegations of functional limitations. AR |
| 27 | 33. The ALJ's discussion of Plaintiff's daily activities was a valid reason upon which to base the |
| 28 | adverse credibility finding. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) |

(plaintiff's testimony about daily activities, including taking care of personal needs, preparing easy meals, doing light housework and shopping for groceries, may be seen as inconsistent with the presence of a disabling condition).

Accordingly, the ALJ discussed the evidence in the record, and set forth valid reasons, supported by clear and convincing evidence, to discount Plaintiff's credibility.

### C. CONCLUSION

Viewing the evidence as a whole, the Court finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must enter judgment accordingly and close this case.

DATED: May 29, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE